IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

IN THE MATTER OF:                          )
                                           )
DANA PARRISH,                              )
                                           )          CASE NO. BK07-82330-TJM
                 Debtor(s).                )                A08-8014-TJM
DAVID PARRISH,                             )
                                           )
                 Plaintiff,                )                CH. 13
                                           )
      vs.                                  )
                                           )
DANA PARRISH,                              )
                                           )
                 Defendant.                )

ORDER

        This matter is before the court on the plaintiff's motion for partial summary judgment (Fil. #44) and resistance by the defendant (Fil. #54). Thomas M. Rowen represents the debtor, and the plaintiff represents himself. Evidence and briefs were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

        The motion is granted.

I.  Background

        The plaintiff filed this adversary proceeding to except from discharge the debt owed by the debtor to him as the beneficiary of the probate estate of the parties' mother. The plaintiff alleges the debt is the result of the debtor's conversion of estate funds and is nondischargeable as a defalcation by a fiduciary under 11 U.S.C. § 523(a)(4) and/or willful and malicious injury by the debtor under § 523(a)(6).

        The parties to this action are brothers. Their mother passed away in 1998 and the debtor was named personal representative of her estate. He subsequently was removed from the position and the plaintiff became the personal representative. In 2003, the probate division of the Douglas County Court entered a stipulated order surcharging the debtor for excess distributions, unnecessary expenses, and lost income totaling $43,305.56, plus interest of $5,649.02. The debtor made periodic payments on this debt until June 2006. Thereafter, the estate began to garnish the debtor's wages, but the debtor filed his bankruptcy petition in November 2007, so the garnishments were returned to the debtor.

The plaintiff now seeks entry of summary judgment in his favor on the § 523(a) causes of action on the grounds that the surcharge order establishes both defalcation in a fiduciary capacity and willful and malicious injury. In response, the debtor argues that the probate court order cannot form the basis for a finding of non-dischargeability and that the debtor was not of sound mind and body during the probate court proceedings.

## II. Summary Judgment Standard

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). An issue is genuine if it has a real basis in the record, and a genuine issue of fact is material if it might affect the outcome of the suit. Hartnagel v. Norman, 953 F.2d 394, 395 (8th Cir. 1992). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Blocker v. Patch (In re Patch), 526 F.3d 1176, 1180 (8th Cir. 2008) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). In ruling on a motion for summary judgment, the court must view the facts in the light most favorable to the party opposing the motion and give that party the benefit of all reasonable inferences to be drawn from the record, without resorting to speculation. Hitt v. Harsco Corp., 356 F.3d 920, 923-34 (8th Cir. 2004).

## III. Factual Findings

The following facts are not in dispute:

1. Mary Ruth M. Parrish, a resident of Douglas County, Nebraska, passed away on February 16, 1998, leaving a Last Will and Testament dated September 22, 1997. The Will named Dana P. Parrish, the debtor/defendant in this case, as personal representative. The Will also provided that plaintiff David L. Parrish and the debtor were to share equally what remained of the estate after all bequests and debts were paid.

2. The debtor was appointed personal representative of the estate of Mary Ruth M. Parrish by the Douglas County Probate Court on March 23, 1998.

3. On September 4, 2000, the debtor was removed as personal representative, and the attorney he had retained to assist and represent him before the probate court in March 1998 was appointed successor personal representative.

4. On May 16, 2002, the successor personal representative filed and served a petition for surcharge on the debtor.

5. On July 31, 2002, the debtor's former attorney was removed as successor personal

representative on the petition of the plaintiff, and the plaintiff was appointed second successor personal representative.

6. Judgment in the amount of $49,054.56 was entered against the debtor by the Douglas County probate court on October 30, 2003.

7. The debtor's Chapter 13 plan was confirmed on April 7, 2008. The parties agree in the stipulated confirmation order that the amount and dischargeability of the probate estate's unsecured claim would be determined in this adversary proceeding. The debtor is to pay $10,860.00 into the plan over the course of 60 months. From that, administrative claims of approximately $1,800.00 and priority tax claims of approximately $5,300.00 will be paid, with the remainder going to unsecured creditors.

IV.  Collateral Estoppel Effect of State Court Judgment

A state court action to establish a debt is separate from a determination of the dischargeability of that debt in bankruptcy. Tatge v. Tatge (In re Tatge), 212 B.R. 604, 609 (B.A.P. 8th Cir. 1997). The bankruptcy court has exclusive jurisdiction to determine whether debts for a debtor's fiduciary or non-fiduciary fraud, embezzlement, larceny, or willful and malicious injury are non-dischargeable. 11 U.S.C. § 523(c); Zio Johnos, Inc. v. Ziadeh (In re Ziadeh), 276 B.R. 614, 619 (Bankr. N.D. Iowa 2002). Therefore, the court must review the state court judgment to see whether it establishes the elements of a prima facie case under § 523. Hobson Mould Works, Inc. v. Madsen (In re Madsen), 195 F.3d 988, 989-90 (8th Cir. 1999).

When the parties have previously litigated an issue in a state court, the bankruptcy court will look to state law to determine the preclusive effect of that judgment. Madsen, 195 F.3d at 989-90; Jacobus v. Binns (In re Binns), 328 B.R. 126, 129 (B.A.P. 8th Cir. 2005). In Nebraska, res judicata bars relitigation of any right, fact, or matter directly addressed or necessarily included in a former adjudication if (1) the former judgment was rendered by a court of competent jurisdiction, (2) the former judgment was a final judgment, (3) the former judgment was on the merits, and (4) the same parties or their privies were involved in both actions. Ichtertz v. Orthopaedic Specialists of Nebraska, P.C., 730 N.W.2d 798, 804 (Neb. 2007).

In Nebraska, the doctrine of collateral estoppel, also known as issue preclusion, holds that an issue of ultimate fact that was determined by a valid and final judgment cannot be litigated again between the same parties or their privies in any future lawsuit. Stevenson v. Wright, 733 N.W.2d 559, 565-66 (Neb. 2007). Collateral estoppel is applicable where (1) an identical issue was decided in a prior action, (2) the prior action resulted in a judgment on the merits which was final, (3) the party against whom the doctrine is to be applied was a party or was in privity with a party to the prior action, and (4) there was an opportunity to fully and fairly litigate the issue in the prior action. Id. at 566. The party asserting preclusion bears the burden of proving each of the elements. Johnson v. Miera (In re Miera), 926 F.2d 741, 743 (8th Cir.1991). When making the determination that an issue was actually litigated and was necessary to the decision in the prior proceeding, the court should examine the entire record of the earlier case. Id.

V.  Discussion

A.      11 U.S.C. § 523(a)(4)

Section 523(a)(4) of the Bankruptcy Code excepts from discharge any debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny. To prevail, a plaintiff must establish by a preponderance of the evidence that a fiduciary relationship existed between the parties and that the defendant committed defalcation in the course of that fiduciary relationship. Jafarpour v. Shahrokhi (In re Shahrokhi), 266 B.R. 702, 707 (B.A.P. 8th Cir. 2001).

Whether a relationship is a fiduciary relationship within the meaning of § 523(a)(4) is a question of federal law. Tudor Oaks Ltd. P'ship v. Cochrane (In re Cochrane), 124 F.3d 978, 984 (8th Cir. 1997). "Acting in a fiduciary capacity" is limited in application to technical or express trusts, not to trusts that may be imposed because of the alleged act of wrongdoing from which the underlying indebtedness arose. See Davis v. Aetna Acceptance Co., 293 U.S. 328, 333 (1934) (stating that the scope of the discharge exception is to be limited to technical trusts, not implied or constructive trusts); Hunter v. Philpott, 373 F.3d 873 (8th Cir. 2004) (stating "fiduciary" is used in a strict and narrow sense in § 523(a)(4), and fiduciary status must pre-date the debt); Barclays Am./Bus. Credit, Inc. v. Long (In re Long), 774 F.2d 875, 878-79 (8th Cir. 1985) (holding that for purposes of § 523(a)(4) fraud or defalcation exception, fiduciary capacity must arise from express trust, not constructive trust or mere contractual relationship).

Under Nebraska law, a personal representative is a fiduciary, and there is a fiduciary relationship between the personal representative and the estate of the deceased, as well as the heirs, beneficiaries, and all persons interested in the estate. In re Estate of Rosso, 701 N.W.2d 355, 363 (Neb. 2005); Neb. Rev. Stat. § 30-2464(a).

According to the caselaw in the Eighth Circuit, a bankruptcy court can find a "defalcation" under 11 U.S.C. § 523(a)(4) without evidence of bad faith, intentional fraud, or other intentional wrongdoing.  The Eighth Circuit Court of Appeals has stated:

> Defalcation is defined as the "misappropriation of trust funds or money held in any fiduciary capacity; [the] failure to properly account for such funds."  Under section 523(a)(4), defalcation "includes the innocent default of a fiduciary who fails to account fully for money received." . . . An individual may be liable for defalcation without having the intent to defraud.

Cochrane, 124 F.3d at 984 (quoting Lewis v. Scott (In re Lewis), 97 F.3d 1182, 1186 (9th Cir. 1996)). See also Hunter v. Philpott, 373 F.3d at 875 n.1 (defalcation is generally considered to be a failure to account for money or property that has been entrusted to one).

The phrase "failure to account for" trust property has been interpreted to mean that property is missing or the fiduciary has failed to pay it over as he ought. Zohlman v. Zoldan, 226 B.R. 767, 777 n.8 (S.D.N.Y. 1998). A failure to apply funds entrusted to a fiduciary in accordance with the

terms of the trust is a defalcation, whether intentional or not. Int'l Fid. Ins. Co. v. Herndon (In re Herndon), 277 B.R. 765, 769 (Bankr. E.D. Ark. 2002).

The stipulated surcharge order in the Parrish probate case includes findings that the debtor took excess distributions for himself from the estate, incurred unwarranted expenses due to his failure to properly carry out his duties as personal representative, and caused losses to the estate by not properly investing estate assets. These actions clearly breached the fiduciary duty he owed to the estate and the other beneficiaries, and they constitute defalcation. By paying himself more than he was entitled to, and by causing the estate to pay unnecessary expenses while earning less interest income than it should have as a result of his inability to carry out the duties of his position, the debtor failed to properly account for the estate assets entrusted to his care, which violates § 523(a)(4) and renders the debt nondischargeable.

The debtor challenges the evidence submitted by the plaintiff in support of the motion, arguing that the evidence, consisting of documents from the probate court record, is inadmissible because it is not properly authenticated. It is true that the evidentiary submission is not supported by an affidavit from the legal custodian of the records. This likely is due to the plaintiff's unfamiliarity with evidentiary rules and his lack of legal counsel. However, the debtor conceded in his preliminary pretrial statement that judgment was entered against him by virtue of the stipulated surcharge order approved by the probate court, so he cannot now exclude that order. Moreover, Federal Rule of Evidence 201 permits the court to take judicial notice of "adjudicative facts" that are "not subject to reasonable dispute" because they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; Fin-Ag, Inc. v. NAU Country Ins. Co., 2009 WL 1850334, at *3 (D.S.D. June 26, 2009). Judicial notice of the records of another court is appropriate when the records are necessary to assess the applicability of res judicata and collateral estoppel. Id. See also Gen. Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1081-82 (7th Cir. 1997) and Sec. & Exch. Comm'n v. Shanahan, 600 F. Supp. 2d 1054, 1058 n.2 (E.D. Mo. 2009).

The debtor also raises the issues of the absence of legal representation on his behalf when the surcharge order was entered and his diminished mental capacity due to his addiction to alcohol and illegal drugs, as well as psychiatric disorders, at the time of the probate proceedings. First, the probate court order is now final and cannot be collaterally challenged in this forum. Second, as explained above, intent is not an element of defalcation by a fiduciary, so the debtor's alleged diminished capacity is not relevant.

B.        11 U.S.C. § 523(a)(6)

A debt may be excepted from the discharge of debts granted under 11 U.S.C. § 727 if it is "for willful and malicious injury by the debtor to another entity or to the property of another entity." § 523(a)(6). However, Chapter 13 provides a broader discharge than Chapter 7 to encourage debtors to attempt to pay at least some of their debts, and debts of the type covered by § 523(a)(6) are among those discharged if a debtor completes all payments under the plan. § 1328(a)(2). Therefore, because a § 523(a)(6) debt generally is dischargeable in Chapter 13, and because the debt at issue has already

been found to be nondischargeable under § 523(a)(4), this portion of the plaintiff's complaint will
not be addressed.

## VI.  Conclusion

Although the plaintiff's motion is captioned as one for "partial summary judgment," it is
clear that the only issues in the case are whether the debt is nondischargeable under §§ 523(a)(4)
and/or (a)(6). Having found that § 523(a)(4) requires this debt to be excepted from discharge, there
are no issues remaining for trial and summary judgment shall be entered in favor of the plaintiff.

IT IS ORDERED: The plaintiff's motion for partial summary judgment (Fil. #44) is granted.
Separate judgment will be entered.

DATED:        December 1, 2009

BY THE COURT:

Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
        Thomas M. Rowen
        *David Parrish
        U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.